## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP,<br>*Plaintiff*,<br><br>*v.*<br><br>AARON M. FREY, in his official capacity as the ATTORNEY GENERAL OF THE STATE OF MAINE; and BOB CAREY, in his official capacity as SUPERINTENDENT OF THE BUREAU OF INSURANCE,<br><br>*Defendants.* | Civil No. 1:25-cv-00495-JCN |

## PLAINTIFF ASTRAZENECA PHARMACEUTICALS LP'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff respectfully submits this notice of supplemental authority regarding an amicus brief (attached as Exhibit A) recently filed by the United States of America in *PhRMA v. Neronha*, No. 26-1039 (1st Cir. Feb. 25, 2026), a case challenging the legality of a Rhode Island law analogous to Chapter 103. The United States also filed a materially similar brief in *AbbVie Inc. v. Weiser*, No. 25-1439 (10th Cir. 2026). Plaintiff respectfully submits that four aspects of the United States' amicus brief are relevant to this case and the pending motion to dismiss.

**First**, the United States agrees that laws like Chapter 103 "impose[] additional conditions and burdens on participation in a federal program" in violation of the Supremacy Clause. Ex A at 10-14. Specifically, these laws single out for special disabilities only those manufacturers who form contractual relationships with the federal government, even though the "determination of what conditions to impose on 340B-participating manufacturers rests with Congress, not the States." *Id.* at 17; *see id.* at 13 ("When a state law directly targets the federal government or those with whom it does business, the law is invalid").

Relatedly, the United States explains why a law like Chapter 103 cannot be understood as

regulating pharmaceutical practice or public health, but rather "operates only within the 340B Program." *Id.* at 19-22. The United States observes that laws like the one at issue here are "triggered by participation in the 340B Program," and they apply only to manufacturers that "participate[] in the 340B Program." *Id.* at 12. If a manufacturer "opts out of the 340B Program," moreover, then "it frees itself from the constraints of the [state's] Act." *Id.* Because such a law "impermissibly targets and discriminates against manufacturers that participate in a federal program," it "facially violates" the Supremacy Clause. *Id.*

**Second**, the United States agrees that these laws are preempted for "arrogating to the State enforcement authority that properly belongs to the federal government alone." *Id.* at 14-15; *see id.* at 15 (Rhode Island's law "supplants" Congress's "dispute-resolution scheme"). A state law that "supplants [the federal enforcement] scheme," by allowing state-law claims that a manufacturer's contract-pharmacy policy "'has limited [a] covered entity's ability to purchase'" 340B-discounted drugs through contract pharmacies, "conflicts with the scheme Congress designed." *Id.* (citation omitted).

**Third**, the United States emphasizes that these state laws impose massive "additional burdens on manufacturers who participate in the 340B Program," and thereby "risk disincentivizing Medicare and Medicaid participation" by those manufacturers, causing harm to millions of patients. *Id.* at 16-18.

**Finally**, the United States' brief makes clear that the state-law burdens imposed by laws like Chapter 103 are *not* among the conditions that manufacturers anticipated or voluntarily accept when joining the federal Program. *See id.* at 12-14, 17. So such burdens cannot be described as "foreseeable" under the Contracts Clause, nor can a manufacturer be said to assume such burdens "voluntarily" under the Takings Clause.

Respectfully, the Court should consider the United States' positions in evaluating Chapter 103 and deciding the pending motion to dismiss.

DATED this 27th day of February 2026.

/s/ Jeffrey D. Talbert
Jeffrey D. Talbert
Carmela T. Romeo*
Nicole L. Masiello*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
(212) 836-8689 - fax
jeff.talbert@arnoldporter.com
carmela.romeo@arnoldporter.com
nicole.masiello@arnoldporter.com

AND

Allon Kedem*
Jeffrey L. Handwerker*
Samuel I. Ferenc*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
(202) 942-5000
(202) 942-5999 - fax
allon.kedem@arnoldporter.com
jeffrey.handwerker@arnoldporter.com
sam.ferenc@arnoldporter.com

*Attorneys for Plaintiff*
*AstraZeneca Pharmaceuticals LP*

*\* Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I, Jeffrey D. Talbert, hereby certify that on this 27th day of February 2026, the foregoing

Notice of Supplemental Authority was filed using the District of Maine CM/ECF filing system.


DATED this 27th day of February 2026.     */s/ Jeffrey D. Talbert*
                                          Jeffrey D. Talbert
                                          ARNOLD & PORTER KAYE SCHOLER LLP

                                          *Attorney for AstraZeneca Pharmaceuticals LP*